Opinion issued March
17, 2011

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 


 
 

 
 



NO. 01-10-00558-CR

____________

 








BRANDON RUSSELL CLOUGH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 

On Appeal from the Criminal District Court

Jefferson County, Texas[1]

Trial Court Cause No. 0906110

 


 
 

 
 
 



MEMORANDUM OPINION








Appellant, Brandon Russell Clough, pleaded
guilty, without an agreed recommendation, to the third-degree-felony offense of
injury to a child.  See Tex. Penal Code § 22.04(a)(3) (Vernon
Supp. 2010).  The trial court admonished him about
the range of punishment and the voluntariness of his plea.  At the sentencing hearing, the trial court
observed that appellant was serving eight years’ deferred adjudication with
drug treatment for his “addiction problem.” 
The court also noted that the injury-to-a-child conviction was the
result of appellant having grabbed a six-year-old child’s throat until the
child could not breathe.  The trial court
found appellant guilty and assessed punishment at ten years’ confinement.  

Appellant’s counsel on appeal has
filed a motion to withdraw, along with an Anders
brief stating that the record presents no reversible error and therefore the
appeal is without merit and is frivolous.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We grant counsel’s motion to withdraw and affirm
the trial court’s judgment.

An attorney has an ethical obligation
to refuse to prosecute a frivolous appeal.  In re Schulman,
252 S.W.3d 403, 407 (Tex. Crim. App. 2008). 
If an appointed attorney finds a case to be wholly frivolous, his
obligation to his client is to seek leave to withdraw.  Id.  Counsel’s obligation to the appellate court
is to assure it, through an Anders
brief, that, after a complete review of the record, the request to withdraw is
well-founded. Id.

We may not grant the motion to
withdraw until:

(1)     the
attorney has sent a copy of his Anders
brief to his client along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and he has ensured that his client
has, at some point, been informed of his right to file a pro se PDR; 

(2)     the
attorney has informed us that he has performed the above duties; 

(3)     the
defendant has had time in which to file a pro se response; and

(4)     we
have reviewed the record, the Anders brief,
and any pro se brief.

 

See id. at
408–09. 
If we agree that the appeal is wholly frivolous, we will grant the
attorney’s motion to withdraw and affirm the trial court’s judgment. See Garner v. State, 300 S.W.3d 763, 766
(Tex. Crim. App. 2009).  If we conclude that arguable grounds for
appeal exist, we will grant the motion to withdraw, abate the case, and remand
it to the trial court to appoint new counsel to file a brief on the merits.  See Bledsoe
v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

Here, counsel’s brief reflects that
he delivered a copy of the brief to appellant and informed him of his right to examine
the appellate record and to file a response. 
See Schulman, 252 S.W.3d at
408.  More than 30 days have passed, and
appellant has not filed a pro se brief.  See id. at 409 n.23 (adopting 30-day period
for response).  

          Counsel’s
brief meets the Anders requirements
in that it presents a professional evaluation of the record. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; see also High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel
supplies us with references to the record and provides us with citation to
legal authorities.  Counsel indicates
that he has thoroughly reviewed the record and that he is unable to advance any
grounds of error that warrant reversal.  See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; Mitchell v. State, 193
S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  

We have independently reviewed the entire
record, and we conclude that no reversible error exists in the record, that
there are no arguable grounds for review, and that the appeal is frivolous.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Garner, 300 S.W.3d at 766–67 (explaining that frivolity is
determined by considering whether there are “arguable grounds” for review); Bledsoe, 178 S.W.3d at 826–27 (emphasizing
that reviewing court—and not counsel—determines, after full examination of
proceedings, whether the appeal is wholly frivolous); Mitchell, 193 S.W.3d at 155.  Although we may issue an opinion explaining
why the appeal lacks arguable merit, we are not required to do so.  See
Garner, 300 S.W.3d at 767.  An
appellant may challenge a holding that there are no arguable grounds for appeal
by filing a petition for discretionary review in the Court of Criminal Appeals.
See Bledsoe, 178 S.W.3d 827 & n.6.

We grant counsel’s motion to withdraw[2]
and affirm the trial court’s judgment. Attorney Kevin Sekaly Cribbs must
immediately send the notice required by Texas Rule of Appellate Procedure
6.5(c) and file a copy of that notice with the Clerk of this Court.  See
Tex. R. App. P. 6.5(c).

PER CURIAM

 

Panel consists of Chief Justice Radack and Justices Alcala
and Bland.

 

Do not publish. 
Tex. R. App. P. 47.2(b).

 











[1]               This
appeal was transferred from the Ninth Court of Appeals to the First Court of
Appeals pursuant an order of transfer by the Texas Supreme Court.





[2]               Appointed
counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Texas Court of
Criminal Appeals. See Bledsoe v. State,
178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).